UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CASSANDRA JONES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-6288** |
| **SEWERAGE & WATER BOARD OF NEW ORLEANS, ET AL.** | **SECTION "C" (3)** |

**ORDER**

Before the Court is the Ex Parte Motion to Strike Plaintiff's Opposition to Motion to Fix Attorneys' Fees and Incorporated Memorandum. [Doc. #29]. Defendants Sewerage & Water Board of New Orleans and Marcia St. Martin (collectively, "defendants") seek to strike plaintiff Cassandra Jones's opposition to their motion because she filed it untimely. Jones filed her opposition on the submission date of the motion and not eight days before the submission date, in accordance with the local rules of this Court. The Court ordered Jones to file an opposition to the motion to strike, which she timely did. [Doc. #34].

While plaintiff maintains that Federal Rule of Civil Procedure 12(f) applies here, she is incorrect. Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure applies. This rule provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The Fifth Circuit has held:

> Relevant factors to the excusable neglect inquiry include: "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *See Farina v. Mission Inv. Trust*, 615 F.2d 1068, 1076 (5th Cir. 1980); *Pioneer Inv. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395-97, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

*Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 162 n.8 (5th Cir. 2006).

Weighing the relevant factors, the Court concludes that defendants' motion to strike should be denied, and plaintiff's opposition to the motion to fix attorneys' fees should be considered timely filed. Jones will clearly be prejudiced if her opposition is disallowed. The length of the day was only eight days and its impact on judicial proceedings is minor because the Court had not yet officially considered the motion to fix attorneys' fees. Further, there has been no showing that Jones failed to act in good faith. Striking Jones's opposition at this time would be a draconian remedy. Defendants still have time to file any appropriate reply to Jones's opposition. Accordingly,

**IT IS ORDERED** that the Ex Parte Motion to Strike Plaintiff's Opposition to Motion to Fix Attorneys' Fees and Incorporated Memorandum [Doc. #29] is DENIED.

New Orleans, Louisiana, this 17th day of November, 2014.

*(signature)*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**