UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CASSANDRA JONES                                        CIVIL ACTION

VERSUS                                                 NO. 13-6288

SEWERAGE AND WATER BOARD                               SECTION "C"(3)
OF NEW ORLEANS, ET AL.

## ORDER

Before the Court is the Motion to Fix Attorneys' Fees [Doc. #24] filed by defendants Sewerage & Water Board of New Orleans ("SWB") and Marcia St. Martin (collectively, "defendants"). The motion is opposed. [Doc. #28].[1]  For the following reasons, the Court grants in part the motion.

**I.    Background**

Plaintiff Cassandra Jones, a SWB employee, filed this lawsuit against defendants on October 29, 2013, alleging discrimination based on sex and retaliation under Title VII of the Civil Rights Act of 1964. The parties exchanged initial disclosures, and the SWB then propounded requests for admission, requests for production of documents, and interrogatories on Jones on June 10, 2014. The SWB e-mailed a copy to Jones' counsel on June 10, 2014, and a second copy was sent via certified mail the next day. The responses were due on July 10, 2014.

---

[1]  Jones filed her opposition on the submission date of the motion, failing to comply with the local rules of this Court.  Defendants moved to strike the opposition as untimely.  Under the case law, however, the Court denied the motion to strike.

On July 15, 2014, five days after the discovery responses were due, counsel for the SWB e-mailed plaintiff's counsel to request the status of the outstanding discovery, and, in compliance with Federal Rule of Civil Procedure 37, to schedule a phone call in an attempt to resolve the issue outside of court. Plaintiff's attorney failed to participate in the scheduled conference and the SWB's attorneys received no response to a message left with her staff or to a follow-up e-mail sent after the missed Rule 37.1 conference.

Plaintiff's failure to respond to the SWB's discovery requests and failure to respond to inquiries regarding them necessitated that the SWB file a motion to compel discovery responses and for attorneys' fees. (the "Motion") [Doc. #20], which the SWB filed on July 21, 2014. Plaintiff did not oppose the Motion, and this Court granted it as unopposed on August 19, 2014. [Doc. #23], and cancelled the oral argument scheduled for the following day.

The order on the SWB's Motion reserved the right to the SWB "to file the appropriate motion with supporting documentation to recover their fees and costs incurred in the filing of the motion." [*Id.*]. Counsel for defendants now seek $4,112.50 in attorneys' fees incurred for having had to file the motion to compel.

**II.     Analysis**

    **A.     THE LODESTAR APPROACH**

The United States Supreme Court and the Fifth Circuit have oft-repeated that a request for attorneys' fees should not spawn major ancillary litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Associated Builders & Contractors of La., Inc. v. Orleans Parish School Bd.*, 919 F.2d 374, 379 (5th Cir.1990). A court's discretion in fashioning a reasonable attorney's fee is broad and

reviewable only for an abuse of discretion, *i.e.*, it will not be reversed unless there is strong evidence that it is excessive or inadequate, or the amount chosen is clearly erroneous. *Hopwood v. State of Tex.*, 236 F.3d 256, 277, n.79 (5th Cir. 2000); *Hensley*, 461 U.S. at 436-37.

To determine a reasonable fee, the court must provide a concise but clear explanation of its reasons for the fee award, making subsidiary factual determinations regarding whether the requested hourly rate is reasonable, and whether the tasks reported by counsel were duplicative, unnecessary, or unrelated to the purposes of the lawsuit. *Hensley*, 461 U.S. at 437-39; *Associated Builders & Contractors*, 919 F.2d at 379. The Fifth Circuit has noted that its "concern is not that a complete litany be given, but that the findings be complete enough to assume a review which can determine whether the court has used proper factual criteria in exercising its discretion to fix just compensation." *Brantley v. Surles*, 804 F.2d 321, 325-26 (5th Cir. 1986).

In assessing the reasonableness of attorneys' fees, the court must first determine the "lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney. *See Hensley*, 461 U.S. at 433; *Green v. Administrators of the Tulane Educ. Fund,* 284 F.3d 642, 661 (5th Cir. 2002); *Migis v. Pearle Vision, Inc*., 135 F.2d 1041, 1047 (5th Cir.1998); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir.1995). The fee applicant bears the burden of proof on this issue. *See Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir.1996); *Kellstrom*, 50 F.3d at 324; *In re Smith*, 996 F.2d 973, 978 (5th Cir.1992).

### 1. **Reasonable Hourly Rates**

Turning to the time records compiled and submitted by defendants' counsel, counsel seek hourly rates of $200/hour for William D. Aaron, Jr., an attorney with 36 years of experience,

$200/hour for DeWayne L. Williams, an attorney with 13 years of experience, and $175/hour for Anna A. Rainer, an attorney with over five years of experience.[2] Having reviewed the most recent case law in this district, the Court finds that, given counsels' ability, competence, experience and skill, the hourly rates are more than reasonable. The majority of the courts in this district sanction similar – and even higher – hourly rates for counsel with similar years of experience. *See, e.g., Barrack v. Pailet, Meunier & LeBlanc, L.L.P.*, Civ. A. No. 12-2716, 2013 WL 6198861 (E.D. La. Nov. 27, 2013 (approving $250/hour for attorney with 24 years experience); *Cole v. Orleans Parish Sheriff's Office*, Civ. A. No. 11-2211, 2013 WL 5557416 (E.D. La. Oct. 8, 2013) (reducing hourly rates from $300/hour to $275/hour for attorney with 34 years experience and from $300/hour to $250/hour for attorney with 29 years experience); *Foley v. SAFG Retirement Servs., Inc.*, Civ. A. No. 10-2827, 2012 WL 956499 (E.D. La. Mar. 20, 2012) (reducing hourly rates from $450/hour to $350/hour for attorney with 30 years experience and from $300/hour to $275/hour for attorney with eight years experience); *Constr. Courht, Inc. v. Jenkins*, Civ. A. No. 11-1201, 2001 WL 3882271 (E.D. La. July 29, 2011) (approving $350/hour for partners with 30 and 36 years experience); *Johnson v. Big Lots Stores, Inc.*, 639 F. Supp. 2d 696 (E.D. La. 2009) (awarding $300/hour for partners, $225/hour for associates, and $75/hour for paralegals); *Creecy v. Metro. Prop. & Cas. Ins., Co.*, 548 F. Supp. 2d 279, 285 (E.D. La. 2008) (Roby, M.J.) (sanctioning $175/hour for associate with five years experience); *Orrill v. Mortgage Elec. Registration Sys., Inc.*, Civ. A. No. 06-10012, 2009 WL 4861994, at *3 (E.D. La. Nov. 7, 2008) (Roby, M.J.) (sanctioning $150/hour for associate

---

[2] These are not counsels' normal hourly rates. Counsel agreed to a special government rate for the SWB given its status as a local government agency.

4

with four years experience). While Jones challenges the hourly rates of defense counsel, given this precedent, the Court finds that the hourly rates of all three attorneys here are reasonable.

### 2. Reasonable Hours Expended

The Court must next determine whether the number of hours that defendants' counsel expended on the motion was reasonable. Counsel argue that they expended 19.4 hours collectively. The burden of proving the reasonableness of the hours expended is on the fee applicant. *Mota v. Univ. of Tex. Houston Health Science Ctr.*, 261 F.3d 512, 528 (5th Cir. 2001). As a general proposition, all time that is excessive, duplicative and/or unproductive should be excised from any award of attorney's fees. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). Attorneys must exercise "billing judgment" by "writing off unproductive, excessive, or redundant hours" when seeking fee awards. *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996). The fee seeker's attorneys "are charged with proving that they exercised billing judgment." *Id.* at 770. When billing judgment is lacking, the court *must* exclude from the lodestar calculation the hours that were not reasonably expended.

This Court has reviewed line by line the billing statements submitted on behalf of defense counsel and must take issue with some of the hours. The billing statements reflect that defendants' counsel drafted the motion to compel, the memorandum in support thereof and the notice of hearing and that counsel communicated on numerous occasions with their client and opposing counsel. The billing statements further reflect that counsel prepared for oral argument on the motion.[3] It also

---

[3] The Court only cancelled the oral hearing the day before the argument as the motion was unopposed.

reflects that counsel researched and drafted all of the pleadings associated with the instant motion for attorneys' fees.

While the aforementioned entries are reasonable, Jones contests whether counsel exercised billing judgment, and this Court takes issue with some of the other entries. For example, each of the three attorneys billed to review this Court's one-paragraph order that set the motion for oral hearing. One attorney reviewed it three times and even "analyzed" it on one occasion. In addition, one attorney billed to prepare a request for oral argument on the same day that the Court *sua sponte* issued the order that set the motion for oral argument. Moreover, the Court finds some time entries to be redundant, with numerous attorneys performing the same task in relation to a five-page boilerplate motion to compel. The Court further finds that some of the time entries – such as those reflecting correspondence to opposing counsel – reflect work that could have been billed by a paralegal at a lower rate. Seeking compensation for the work of a legal assistant or paralegal performed by an associate demonstrates a lack in billing judgment. *Preston Expl. Co., LP v. GSP, L.L.C.*, No. H-08-3341, 2013 WL 3229678, at *9 (S.D. Tex. June 25, 2013).

In these circumstances, the Court may reduce the hours awarded by a percentage intended to substitute for the exercise of billing judgment. *See Walker v. U.S. Dep't of Housing & Urban Dev.*, 99 F.3d 761, 770 (5th Cir. 1996) (reducing fee award by 15%) (citing *Leroy v. City of Houston*, 831 F.2d 576, 586 (5th Cir. 1987) (reducing award by 13%)); *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 800 (5th Cir. 2006) (reducing fee award by 10% for vagueness, duplicative work and lack of billing judgment); *Hopwood v. Texas*, 236 F.3d 256, 279 (5th Cir. 2000) (reducing fee award by 25% based on inadequate time entries, duplicative work product and

lack of billing judgment); *Coulter v. State of Tenn.*, 805 F.2d 146, 151 (6th Cir. 1986) (reducing fee award by 50% for duplication of effort); *Preston Expl. Co., LP v. GSP, L.L.C.*, No. H-08-3341, 2013 WL 3229678, at *9 (S.D. Tex. June 25, 2013) (employing 50% and 20% reductions in hours). Accordingly, this Court finds that a twenty per cent (20%) reduction to the total amount of billed hours submitted by defense counsel is appropriate to substitute for the lack of billing judgment.[4]

### III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Motion to Fix Attorneys' Fees [Doc. #24] is GRANTED IN PART to the extent that the Court approves an award of attorneys' fees in the amount of $2,804.00.

New Orleans, Louisiana, this 12th day of December, 2014.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] The Court reduced the hours of each attorney by 20 per cent and then applied the hourly rates approved above.