UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CASSANDRA JONES                                    CIVIL ACTION

VERSUS                                             NO. 13-6288

SEWERAGE AND WATER BOARD                           SECTION "C" (3)
OF NEW ORLEANS, ET AL

ORDER AND REASONS

This matter comes before the Court on motion for summary judgment filed by the defendants, Sewerage & Water Board of New Orleans and Marcia St. Martin (collectively "S&WB"). Rec. Doc. 50. Having considered the memoranda of counsel, the record and the law, the Court finds that summary judgment should be partially granted and partially denied for the following reasons.

The plaintiff, Cassandra Jones ("Jones"), filed this suit under Title VII alleging discrimination based on gender and retaliation on the part of her then-and-current employer, S&WB. She was represented by counsel at the time she filed a questionnaire with the EEOC on July 20, 2012, and a charge with the EEOC on November 12, 2012. Rec. Docs. 50-4 at 1–2, 50-5 at 3–8. According to her charge, Jones claims sex discrimination and retaliation between September 19, 2011 and October 11, 2011, when she "was harrassed by Steam Plant Engineers, assigned/reassigned to a position which

caused [her] to lose OT pay and shift-pay (differential) as well as treatment different than others." Rec. Doc. 50-4 at 1.   Jones states in the charge that she was told by a Damon Adams, a S&WB supervisor, that she "was too short, weak, and a woman" to do the job of a Pumping Plant Operator ("PPO"), and she states that "a year ago, a former employee was allowed to perform the same job under the same circumstances." Rec. Doc. 50-4 at 1.  Both claims allegedly arose after she was transferred from her previous position as a Boiler Room Operator ("BPO") to train as a PPO at the Old River Station, and subsequently transferred back to her position as a BPO.

**Summary judgment**

The court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  An issue is material if its resolution could affect the outcome of the action, and a genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2502, 2510, 91 L.Ed.2d 202 (1986); *Wyatt v. Hunt Plywood Co., Inc.*, 297 F.3d 405, 408-09 (5th Cir. 2002).   When considering a motion for summary judgment, "the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor."  *Deville v. Marcantel*,

2

567 F.3d 156, 163-64 (5th Cir. 2009). Summary judgment cannot be defeated by "conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). If the moving party meets its initial burden, the burden shifts to the non-moving party "to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995) (citing *Celotex*, 477 U.S. at 322-24).

It is undisputed that during training Jones was unable to perform one of the tasks required of a PPO without standing on a box and never received the PPO designation, although she did work at the Old River Station for over a year before filing a grievance with the S&WB and being transferred back to her position as a BPO. Jones admits that she was told by S&WB supervisors that using the box was unsafe. Rec. Docs. 50-5 at 6, 56-3 at 13. It also appears that the use of ladders and boxes by a BPO in the boiler room

is not considered unsafe and that the plaintiff is allowed to use them there. Rec. Doc. 56-3 at 26-27. It is undisputed that both BPO and PPO positions pay the same salary and that Jones remains employed as a BPO. Rec. Doc. 56-3 at 17.

The defendants move for summary judgment based on a number of arguments: that the EEOC charge is untimely, that Jones did not allege continuing or constructive discharge in her EEOC charge, that Jones can not establish a prima facie case of sex discrimination or retaliation, and that, in any event, the S&WB can establish nondiscriminatory safety reasons for her failure to obtain the PPO designation. The S&WB also argues that the transfer back to the BPO position was not adverse because her pay is the same. Rec. Doc. 50-3. In opposition, the Jones provides an array of arguments, nearly all of which are supported solely by her statements provided to the EEOC or in deposition. Those statements are often unclear, confusing or contradictory, while many of the background and factual statements contained in the defense memorandum are not supported by any proof.

**Timeliness, continuing discrimination and constructive discharge**

With regard to timeliness, the plaintiff argues that her EEOC questionnaire qualifies as a charge. The Court agrees with the plaintiff on this issue, and notes that the plaintiff checked one box on the questionnaire indicating "I want to file a charge of

4

discrimination ..." underneath the section identifying her attorney.  Rec. Doc. 50-5 at 6.  The Court finds that the EEOC charge is timely filed by virtue of the earlier filing of the questionnaire.

At the same time, the plaintiff did not make a continuing discrimination claim in her charge, nor does she present argument relative thereto in her opposition.  The Court finds that any claim for continuing discrimination has not been properly presented.

Jones argues constructive discharge is based on the unadorned argument that the PPO position was a promotion.  Rec. Doc. 55-1 at 7–8.  Although mentioned in the complaint, constructive discharge is not mentioned in any filing with the EEOC.  Again, in construing the plaintiff's claims, the Court is mindful that the plaintiff admitted in the questionnaire that she was represented by counsel at that relevant time.  Rec. Doc. 50-5 at 6. Constructive discharge requires proof that the employees working conditions were so intolerable that a reasonable employee would feel compelled to resign.  *Dediol v. Best Chevrolet, Inc.*, 655 F.3d 435, 444 (5th Cir. 2011).  The plaintiff must show "'a greater severity or pervasiveness or harassment thatn the minimum required to prove a hostile work environment.'" *Benningfield v. City of Houston*, 157 F.3d 369, 378 (5th Cir. 1998).  The following events are considered relevant to a finding of constructive discharge: demotion, reduction in salary, reduction in job responsibility, reassignment to menial or

degrading work, reassignment to work under a younger supervisor, badgering harassment, or humilation by employer calculated to encourage the employee's resignation or offers of early retirement or continued employment on terms less favorable than the employee's former status. *Brown v. Kinney Shoe Corp.*, 237 F.3d 556, 566 (5th Cir. 2011). Here, the plaintiff, represented by counsel, has produced no relevant proof and, in any event, the plaintiff continues to be employed by the S&WB at the same pay as the PPO position provides.

**Title VII Sex Discrimination Claim**

A plaintiff can prove intentional discrimination under Title VII with either direct or circumstantial evidence of intentional discrimination. *Laxton v. Gap Inc.*, 333 F.#d 572, 578 (5th Cir. 2003). Where circumstantial evidence is used, the three-part framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), applies. *Septimus v. Univ. of Houston*, 399 F.3d 601, 609 (5th Cir. 2005). First, the plaintiff must make out a prima facie case of employment discrimination by proving that she: (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; (4) was replaced by someone outside her protected group or was treated less favorably than other similarly situated employees outside the protected group. *McCoy v. City of*

*Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007).  If the plaintiff establishes a prima facie case, a presumption of unlawful discrimination arises. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 254 (1981).  The defendant can rebut this presumption by articulating a legitimate nondiscriminatory reason for its decision which, if successful, shifts the burden back to the plaintiff to offer evidence sufficient to raise a genuine issue of material fact that the employer's proffered reason is not true but instead is a pretext for the real discriminatory purpose. *McCoy*, 492 F.3d at 557.  The plaintiff meets this burden either "through evidence of disparate treatment or by showing that the proffered explanation is false or unworthy of credence" and "not the real reason for the adverse employment action." *Laxton*, 530 U.S. at 143.

    The S&WB argues that Jones can not satisfy the last three requirements for a prima facie case because she could not perform a task required of a PPO in training, received the same pay as a PPO during training and suffered no damages.  Rec. Doc. 50-3 at 13.  In reply, it seizes on the plaintiff's deposition testimony relative to the existence of other female PPOs who did not "weigh 300 pounds," which the Court finds unclear in terms of height.  Rec. Doc. 56-3 at 24.  In reply memorandum, the S&WB argues facts that the plaintiff's claims are not gender-based, but size-based, while providing no legal argument relative to this distinction.   It also presents, for the first time, affidavit

evidence that the use of a box by a PPO is unsafe.  Rec. Doc. 56-4.

The Court finds the exact nature of the plaintiff's gender discrimination claim and her arguments are unclear.  Adding to this problem is the fact that much of the material pertaining to this motion is derived from the plaintiff's deposition testimony, which itself is often unclear.  Rec. Doc. 56-3.  More fundamentally, it appears to the Court that while the plaintiff assumes without discussion that height is gender-related for purposes of her claim of discriminatory PPO denial, the defense offers factual but no legal challenge to that assumption.

At the same time, it undisputed that Jones was, in fact, transferred back to her position as a BPO.  That transfer is an employment action in partial satisfaction of the the third *McDonnell* factor.  No legal argument precluding a finding of adversity based on salary alone is provided by the defense.

In addition, at times the plaintiff attributes to S&WB employees statements to the direct effect that she was unable to perform the challenged task because she was a woman.  Those statements from  S&WB employees remain unchallenged, although their credibility would be seriously undermined with satisfactory proof that other PPOs were women.

Most importantly, perhaps, the plaintiff claims that a former employee, who was

male and short, used the box for some function either as a BPO or a PPO. Rec. Doc. 50-4 at 1, 50-5 at 4, 56-3 at 27. That alleged fact is not addressed by the S&WB in its motion. If a "similarly situated" male was allowed to use the box as a PPO and the plaintiff was not, the second and fourth *McDonnell* factors could be satisfied, pretext could be supported and summary judgment would be precluded. While the plaintiff's testimony alone may not support the claim at trial, relevant proof simply has not been offered for purposes of summary judgment.

On summary judgment, the Court does not make credibility determinations or weigh evidence and disregards evidence favorable to the moving party that the jury is not required to believe. *Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010). In the absence of record proof to support its motion and based on this record, summary judgment on this claim is inappropriate.

**Title VII Retaliation Claim**

Under Title VII it is also "an unlawful employment practice for an employer to discriminate against [an] employee because . . . because [s]he has made a charge" against the employer. 42 U.S.C. § 2000e-3. *See Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2525 (2013). Under this framework, Jones must first establish a *prima facie* case of retaliation. *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007). To establish a

*prima facie* case of retaliation, Jones must show that (1) she engaged in a protected activity; (2) an adverse employment action occurred; and (3) a causal connection exists between the protected activity and the adverse employment action. *McCoy*, 492 F.3d at 556-57. The burden then shifts to the employer to state a legitimate, non-retaliatory reason for its action. *Id.* at 557. If the employer meets this burden, the plaintiff bears the ultimate responsibility of proving that the defense's given reason is only a pretext for the real retaliatory purpose. *Id.* The Supreme Court clarified the standard of causation for Title VII retaliation claims in *Univ. of Tex. S.W. Med. Ctr. v. Nassar*, 133 S. Ct. 2517 (2013). The Court held that a plaintiff making a § 2000e-3 retaliation claim "must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer." *Nassar*, 133 S. Ct. at 2534. The plaintiff's participation in the protected activity must be the reason that the employer decided to act – in other words, the "desire to retaliate [must be] the *but-for cause* of the employer's adverse decision." *See id.* at 2527-28 (emphasis added).

      Although the plaintiff mentions a retaliation claim in her opposition, the facts underlying the claim are not directly addressed in her opposition. It appears to the Court that she may be claiming that the transfer back to the BPO position was retaliatory and based on her September 19, 2011, grievance, in which she asked for an assistance

from another employee (and not a box) to perform the PPO task she could not perform. Rec. Doc. 50-4 at 13–14.   It is undisputed that on September 19, 2011, Jones filed a grievance with the S&WB regarding alleging loss of wages and overtime because Bobby Bolden, her supervisor at Old River Station, failed to offer her the opportunity to work overtime, unfair treatment, lack of professional supervision and the need for assistance in her job performance, alleging a "physical" need and apparently asking for an assistant. Rec. Doc. 50-4 at 12–14.   Although there is an unauthenticated document alleging to be part of the S&WB response to this grievance, it is not signed, the plaintiff testified that she never saw the document, and both sides indicate that it contains irrelevant information regarding a "KVA Room" and perhaps another employee  Rec. Docs. 50-3 at 6, 50-4 at 15–20, 56-4 at 1–3, 56-3 at 21–23.   As such, basic facts relating to that hearing are not provided in a proper form except when referenced in the plaintiff's unclear deposition testimony.   This leaves the record devoid of any evidence relevant to the substance of that hearing, other than the undisputed fact than the plaintiff was transferred back to her position as a BPO after filing the grievance.  Rec. Doc. 56-3 at 19–23.

  Finally, there can be no dispute that the plaintiff is basing her suit on her height. The Court notes that despite the apparent significance of the plaintiff's height to her

claims, the Court was unable to uncover in the relevant <u>any</u> details pertaining to how tall the plaintiff actually is.  These kind of shortcomings do not lend themselves to summary judgment.

Accordingly,

IT IS ORDERED that the motion for summary judgment filed by the Sewerage & Water Board of New Orleans and Marcia St. Martin is GRANTED as to any claim for continuing violation or constructive discharge and DENIED in all other respects.  Rec. Doc. 50.  In denying summary judgment on the discrimination and retaliation claims, the Court relies only on the record presented in conjunction with this motion, and does not otherwise opine on whether such evidence would result in a verdict favorable to the plaintiff at trial.

The parties are encouraged to consider amicable resolution.

New Orleans, Louisiana, this 15th day of May, 2015.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE